Case 5:08-cv-00151-C   Document 1   Filed 07/28/08   Page 1 of 10   PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 8 2008

CLERK U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ARMTECH INSURANCE SERVICES, INC., §
§
Plaintiff §
§            5-08CV0151-C
v. § CAUSE NO. _____
§
GEORGIA FARM SERVICES, LLC, §
§
Defendant §

# ORIGINAL COMPLAINT OF
# ARMTECH INSURANCE SERVICES, INC.

**ARMTECH INSURANCE SERVICES, INC.** ("**ARMTECH**"), Plaintiff herein, files this, its Original Complaint, complaining of **GEORGIA FARM SERVICES, LLC** ("**GEORGIA FARM SERVICES**"), seeking a setoff, damages, declaratory relief and other relief, and would show to the court as follows:

## I.

## PARTIES

1. **ARMTECH** is a corporation created and existing under the laws of the state of Texas with its principal place of business located in Lubbock, Lubbock County, Texas.

2. **GEORGIA FARM SERVICES** is a limited liability corporation created and existing under the laws of the state of Georgia. **GEORGIA FARM SERVICES**, a non-resident of the state of Texas, has engaged in business in Texas as it has attempted to domesticate a Florida Federal Court Judgment in the state of Texas. This suit arises from **GEORGIA FARM SERVICES** doing business in the state of Texas. **GEORGIA FARM SERVICES** does not have a Registered Agent

appointed in the state of Texas, nor does it maintain a regular place of business in the state of Texas. Therefore, the Secretary of State of the state of Texas is designated as the agent for service of process for **GEORGIA FARM SERVICES**. Summons is to be sent to the Secretary of State of the state of Texas for forwarding to:

    a.    <u>Certified Mail/Return Receipt Requested</u>:
William Douglas Wingate
132 Fifth Street
Leesburg, Lee County, Georgia 31763
Registered Agent for Georgia Farm Services, LLC

## II.

## JURISDICTION AND VENUE

3. This court has jurisdiction under the Federal Question Jurisdiction doctrine set out in *28 U.S.C.A. § 1331*. This case involves a claim for a setoff of an overpayment made by **ARMTECH** to Oscar and Margaret Hamilton for alleged crop losses during the year 2003. The area of crop insurance is highly regulated and is governed by federal statutes and regulations which dictate policy terms, claim procedures and refund procedures. **ARMTECH** is also asking this court to give deference to and adopt the findings of a federal agency, The Risk Management Agency, a division of the Federal Crop Insurance Corporation, in connection with certain findings made regarding **ARMTECH'S** overpayments to Oscar and Margaret Hamilton, who assigned their claim to **GEORGIA FARM SERVICES**.

4. This court has jurisdiction under the Diversity of Parties doctrine, set out in *28 U.S.C.A. § 1332(a)*. **ARMTECH** is a citizen of the state of Texas for diversity jurisdiction purposes and **GEORGIA FARM SERVICES** is a citizen of the state of Georgia for diversity jurisdiction purposes. **ARMTECH** was incorporated in the state of Texas and has its principal place of business in the state of Texas. **GEORGIA FARM SERVICES** was incorporated in the state of Georgia and

has its principal place of business in the state of Georgia.

5. This court has jurisdiction over the allegations involving the Texas Declaratory Judgment Statute, *Tex.Civ.Prac. & Rem. Code § 37.001, et. seq.*, under the Supplemental Jurisdiction doctrine found in *28 U.S.C. § 1367*. The claims under the Texas Declaratory Judgment Act relate to the other claims asserted herein as to be all the same case or controversy.

6. Venue is proper in the Northern District of Texas, Lubbock Division, under *28 U.S.C.A. § 1391(a)(b) and (c)*, for the following reasons: (1) this judicial district and division is where **GEORGIA FARM SERVICES** resides for venue purposes; and (2) **GEORGIA FARM SERVICES** is deemed to reside in this judicial district and division because it is subject to the personal jurisdiction of this court at the time of the filing of this Complaint.

### III.

### BACKGROUND FACTS

#### Nature of Business

7. **ARMTECH** provides crop insurance nationwide for the benefit of crop producers. As a requirement to obtain crop insurance, crop producers must provide an APH, Average Production History. This Average Production History, setting out past production on acreage to be insured, serves as a baseline for the amount of indemnity payments that can be paid in case of a loss. As a general rule, once a crop producer's APH is established, if there is a total loss, the crop producer can be paid indemnity of approximately two-thirds the amount of the APH.

8. It is important for an accurate APH to be given by the crop producer. If the crop producer does not have crop production over the last several years in the county where he proposes to plant, then an average APH is taken from other crop producers in the county who grew the same

crop in previous years. In that case, the crop producer is termed a "new producer". The indemnity payment to a "new producer" may be higher than the indemnity payment based on prior years' APH for the same crop producer.

### Hamiltons' Misrepresentations

9. Oscar and Margaret Hamilton ("The Hamiltons"), through their agent, contracted with **ARMTECH** to insure crops for the crop year 2003. The crops were to be grown on several parcels covering more than one county and included peanuts and cotton. The Hamiltons were required to accurately report their production history for years prior to 2003, accurately reflecting their previous years' crop production on the land where crops were to be insured for the upcoming year.

10. In Jackson County, The Hamiltons farmed 54.2 acres in 1996, 72.0 acres in 1997, 128.8 acres in 1998, 261.3 acres in 1999, 1,010.4 acres in 2000, 1,363.9 acres in 2001, and 2,171.2 acres in 2002.

11. However, when reporting their production history for purposes of obtaining insurance for the crop year 2003, The Hamiltons represented that they had no acres under production in Jackson County before 1998. They reported they had 12.8 acres under production in the year 2000 and 13.2 acres under production for the year 2001. Prior years' crop production was omitted in The Hamiltons' reporting so that no more than two years of history were reflected in their APH database, therefore having the appearance of qualifying The Hamiltons as new producers. The Hamiltons, as new producers, qualified for higher APH yield and increased per-acre guaranties and indemnity payments. This misrepresentation allowed The Hamiltons to receive, upon making a claim for crop damage, a higher indemnity payment.

12. The Hamiltons allegedly sustained crop losses for crop year 2003 and submitted a claim to **ARMTECH**. Based on the reported APH history by The Hamiltons, and the provisions of the insurance policy between **ARMTECH** and The Hamiltons, **ARMTECH** made indemnity payments to The Hamiltons for the crop year of 2003. As a direct result of the misrepresentations made by The Hamiltons, **ARMTECH** overpaid its indemnity to The Hamiltons for the crop year 2003 in the amount of $303,305.00. Since The Hamiltons misrepresented their prior acreage, there was also a premium overpayment in the sum of $15,202.00. The premium overpayment resulted from a higher rate of premium charged due to the misrepresentation of Hamilton's APH. Subtracting the premium overpayment from the indemnity overpayment establishes that **ARMTECH** is entitled to recover the sum of $288,103.00 in indemnity overpayment to The Hamiltons.

## RMA Investigation

13. The Risk Management Agency ("RMA") is a division of the United States Department of Agriculture. RMA's Eastern Regional Compliance Office ("ERCO") conducted an investigation of The Hamiltons' farm operations and the misrepresentation of their production history. The RMA issued their initial findings on March 1, 2006, finding that The Hamiltons had misrepresented their production history to **ARMTECH** for the 2003 crop year. RMA found The Hamiltons did not report production dating back to 1996 on reported cotton units for the 2003 crop year. RMA further found that there were discrepancies in the APH that were reported to other insurance providers by The Hamiltons that went undetected since the 1999 crop year.

14. The RMA issued their final findings on July 27, 2007, confirming their initial findings in the case.

## 2004 Crop Losses

15. **ARMTECH** also insured The Hamiltons for the 2004 crop year. The Hamiltons made a claim for crop insurance proceeds due to adverse weather for the 2004 crop year. **ARMTECH** disputed the claim. Pursuant to the terms of the insurance policy between **ARMTECH** and The Hamiltons, this matter was arbitrated which resulted in an arbitration award in favor of The Hamiltons. **ARMTECH** presented its 2003 overpayment claim in the arbitration proceeding. However, the arbitrator dismissed **ARMTECH'S** overpayment claim without allowing a hearing or allowing **ARMTECH** to present any evidence to establish the overpayment claim.

16. **ARMTECH** then filed an action in the United States District Court for the Northern District of Florida, Panama City Division, styled *"Armtech Insurance Services, Inc. v. Oscar and Margaret Hamilton"*, being Cause No. 5:07-cv-156-rh/md. **ARMTECH** challenged the arbitration award for 2004. **ARMTECH**, in the Florida federal court action, challenged the arbitration award and the dismissal of the overpayment claim. The federal court in Florida held The Hamiltons conceded that the award leaves **ARMTECH** free to pursue its 2003 refund claim and any other appropriate forum.

17. Before the matter was set for a hearing in federal court, the Hamiltons filed a separate bankruptcy proceeding. **ARMTECH**, in that bankruptcy proceeding, filed an adversary proceeding to establish its 2003 overpayment refund claim. The bankruptcy court denied that relief but ruled, by Order of January 15, 2008, that **ARMTECH** had relief from the automatic stay to assert its counterclaim or setoff claims against **GEORGIA FARM SERVICES** of the 2003 crop insurance.

18. The Hamiltons previously, on November 18, 2004, assigned any indemnity payments they had a right to receive from **ARMTECH** to **GEORGIA FARM SERVICES**. This assignment

included any crop insurance proceeds available because of cotton, peanuts or corn production by The Hamiltons for crop year 2004.

19. The federal court proceeding resulted in a judgment being entered in favor of The Hamiltons, and against **ARMTECH**, in the sum of $409,383.00 plus attorney's fees, costs and interest, representing the 2004 crop claim. **ARMTECH** had previously made payments toward the judgment in the sum of $79,682.00. **ARMTECH** is also entitled to an offset for crop insurance premium credit in the amount of $68,949.00. **GEORGIA FARM SERVICES** is claiming that the current amount of the judgment liability for **ARMTECH** is approximately $288,103.00.

## IV.

## CAUSES OF ACTION

### Breach of Contract

20. The insurance contract between Hamilton and **ARMTECH** requires The Hamiltons to accurately report their APH for purposes of setting the amount of indemnity that can be paid on certain crop loss claims. By misreporting their APH, The Hamiltons breached the insurance contract which has resulted in damages to **ARMTECH**. **ARMTECH** made payment to The Hamiltons on the 2003 crop losses based on the inaccurate APH reporting by The Hamiltons. Therefore, **ARMTECH** is entitled to recover its overpayment of $288,103.00 against **GEORGIA FARM SERVICES**, the assignee of The Hamiltons' claim as an offset against the 2004 crop year Arbitration Award.

### Fraud

21. In failing to report that they had in fact farmed certain acreage in previous years, The Hamiltons misrepresented their APH to **ARMTECH** with the specific intention of becoming

...

qualified as new producers which would render higher indemnity payments. The Hamiltons' misrepresentations were material in that they directly affected the amount of indemnity to be paid on any losses that The Hamiltons may have claimed. As found by RMA, the representations by The Hamiltons were false, and at the time The Hamiltons knew they were false. The Hamiltons made the representations with the intent that **ARMTECH** rely on the representations so that The Hamiltons would be able to qualify as new producers. **ARMTECH** relied upon the representations which caused **ARMTECH** overpayment in the amount of $288,103.00.

### Setoff

22.     **ARMTECH** seeks a setoff in the amount of $288,103.00, plus reasonable and necessary attorney's fees, and interest, against the previous court judgment from the 2004 crop year arbitration, which **GEORGIA FARM SERVICES** claims to be approximately $288,102.15. **ARMTECH** is entitled to common loss setoff under Texas law. It provides that courts have the power, independent of any statute, to set off judgments. When this court enters a judgment in favor of **ARMTECH**, it is entitled, in the same judgment, to have this court's judgment set off against the previous federal court judgment under Texas common law.

### Payment of 2004 Crop Indemnity Prohibited

The federal regulations prohibit the payment by **ARMTECH** of the 2004 crop insurance indemnity payment. *7 CFR 400.459* provides that any person that owes a debt to an approved insurance provider, which is **ARMTECH**, arising from any program administered under the Act, and that debt is delinquent, will be ineligible to participate in all such programs until the debt is pulled or until an agreement to repay the debt has been entered into. The regulation further provides that no indemnity payment shall be made until the disputed issue is resolved between the debtor and

the approved insurance provider. Therefore **ARMTECH** is prohibited from making payment for the 2004 crop claim until the 2003 crop indemnity dispute is paid or settled.

### Declaratory Judgment

23. **ARMTECH** seeks a declaratory judgment, under *28 U.S.C.A. § 2201-2202* and *Tex.Civ.Prac. & Rem.Code § 37.001,* et. seq., to clarify and settle legal issues between the parties in this case to provide relief from the uncertainty, insecurity and controversy giving rise to the proceeding. As set out above, this court has jurisdiction to hear this case under federal question jurisdiction, diversity jurisdiction and supplemental jurisdiction. Therefore, this court has jurisdiction to hear this case under both the Texas and Federal Declaratory Judgment Acts. There is an actual substantial case and controversy between the parties who have adverse legal interests as set out above. **ARMTECH** seeks a declaratory judgment: (1) that it is entitled to a setoff in the amount of $288,103.00 plus reasonable and necessary attorney's fees and interest, against the previous court judgment from the 2004 crop year arbitration; (2) that it is not required to pay the judgment under *7 CFR 400.459*; (3) that The Hamiltons breached their insurance contract with **ARMTECH**; and (4) that The Hamiltons committed fraud against **ARMTECH** in misrepresenting their prior years' APH.

### V.

### PRAYER

**ARMTECH** prays that citation be issued and that after service of citation and notice upon **GEORGIA FARM SERVICES**, that the court enter the following orders:

1. Judgment in favor of **ARMTECH** and against **GEORGIA FARM SERVICES** for the sum of $288,103.00, plus attorney's fees and interest.

2. A setoff of the sum of $288,103.00 plus attorney's fees and interest, against the previous judgment entered by the United States District Court for the Northern District of Florida, Panama City Division.

3. Declaratory relief that **ARMTECH** is entitled to a setoff in the sum of $288,103.00, against the judgment entered by the United States District Court for the Northern District of Florida, Panama City Division, for the other declaratory relief sought herein, and for attorney's fees and interest.

4. Any and other further relief to which **ARMTECH** may show itself to be entitled.

Respectfully submitted,

**JAMES L. GORSUCH, P.C.**
4412 74th Street, Suite B-102
Lubbock, Texas 79424
Telephone: (806)771-6474
Telecopier: (806)771-6476

By: /s/ James L. Gorsuch
James L. Gorsuch
State Bar No. 08221250

Case 5:08-cv-00151-C   Document 1   Filed 07/28/08   Page 11 of 11   PageID 11

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ARMTECH INSURANCE SERVICES, INC.

## DEFENDANTS
GEORGIA FARM SERVICES, LLC

(b) County of Residence of First Listed Plaintiff: Lubbock
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Lee County, GA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James L. Gorsuch, P.C.
4412 74th St., Ste. B-102
Lubbock, TX 79424 (806)771-6474

Attorneys (If Known): 5-08CV0151-C

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)
Brief description of cause:
Refund of overpayment of crop insurance indemnity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Robert L. Hinkle   DOCKET NUMBER 5:07-cv-156-rh/md

DATE 7/28/08
SIGNATURE OF ATTORNEY OF RECORD: James L. Gorsuch

FOR OFFICE USE ONLY
RECEIPT # LU002333   AMOUNT 350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___